**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| MICHAEL SCOTT, | : | |
| | : | |
| Claimant | : | |
| | : | |
| v. | : | CASE NO. 4:10-CV-90-CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for supplemental security income, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

# ISSUES

**I.     Did the Commissioner err in failing to find finding that Claimant met Listing 12.05?**

**II.    Did the ALJ err in determining Claimant's RFC?**

## Administrative Proceedings

Claimant applied for supplemental security income (SSI) on June 17, 2005, alleging disability as of June 1, 2004, due to diabetes. (Tr. 72, 82; ECF No. 8.) Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing on August 25, 2008, and following the hearing, the ALJ issued an unfavorable decision on November 12, 2008. (Tr. 19-25.) The Appeals Council ultimately denied Claimant's Request for Review on June 24, 2010. (Tr. 5-7.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since June 1, 2004. (Tr. 20.) The ALJ then found that Claimant's insulin dependent diabetes mellitus was severe, but that neither it nor or any combination of his impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21.) The ALJ next found that Claimant had the residual functional capacity (RFC) to perform the full range of light work. (Tr. 23.) The ALJ determined

that Claimant had no past relevant work, but that there were jobs that existed in significant numbers in the national economy that he could perform. (Tr. 24.) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

**I.  Did the Commissioner err in failing to find finding that Claimant met Listing 12.05?**

Claimant first alleges that the Commissioner erred in failing to find finding that his mental retardation met medical Listing 12.05C. (Pl.'s Br. in Supp. of Compl. 13, ECF No. 10.) Specifically, he contends that new evidence demonstrating that he met Listing 12.05, which was presented to the Appeals Council, "renders the Commissioner's decision erroneous." (*Id.*) He further claims that the Appeals Council erred in denying review. (*Id.*)

The Regulations state that the Appeals Council will review an ALJ's decision only when it determines, after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id.*

When the Appeals Council has denied review of new evidence properly presented, a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals

5

Council. *Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th Cir. 2007). If denial of benefits is erroneous, the decision of the Appeals Council is subject to modification, reversal or remand pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* In this case, because new evidence was properly presented to the Appeals Council, consideration under sentence four is appropriate. Under sentence four of § 405(g), the district court must generally "consider evidence not submitted to the administrative law judge but considered by the Appeals Council when that court reviews the Commissioner's final decision denying Social Security benefits." *Id.* at 1257-58. Here, the Appeals Council accepted new evidence in the form of new treatment records and school records of Claimant. (Tr. 5-7.) The Appeals Council considered the additional evidence but found that it did not provide a reason to change the ALJ's decision. (*Id.*)

In this case, the ALJ did not reference, nor did he analyze any claims of mental retardation because there was none to discuss. A review of the record reveals that Claimant did not list any mental impairment on his application for disability benefits. Furthermore, at the hearing, wherein Claimant was represented, there was no reference to any mental impairment. In fact, the first mention of mental retardation in this case came well after the ALJ's decision was rendered and Claimant procured a different representative who requested additional time to submit medical records. (Tr. 459-463.)

As the Regulations state, the burden of proving that he is disabled is on the

Claimant. *See* 20 C.F.R. 416.912. That means that "[i]n an action seeking disability benefits, the burden is upon the claimant to demonstrate existence of a disability as defined by the Social Security Act. *Brady v. Heckler*, 724, F.2d 914, 918 (11th Cir. 1984); *citing Fortenberry v. Harris*, 612 F.2d 947 (5th Cir. 1980). The Eleventh Circuit has further held that "[a]lthough the ALJ must consider all the impairments the claimant alleges in determining whether the claimant is disabled, *see Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir.1991), the ALJ need not scour the medical record searching for other impairments that might be disabling, either individually or in combination, that have not been identified by the claimant." *East v. Barnhart*, 197 F. App'x 899, *902 (11th Cir. 2006). Furthermore, "an ALJ is not obliged 'to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'" *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir.1996); *see also Brockman v. Sullivan*, 987 F.2d 1344, 1348 (8th Cir. 1993) ("The ALJ [] had no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.").

Claimant in this case attempts to argue that the Commissioner erred in failing to find, based on school records that were never presented to the ALJ, but which were available during that time, that he met the Listing for mental retardation. The Appeals Council accepted the evidence but failed to find that it provided a basis for changing the ALJ's decision. (Tr. 5, 6.) This Court agrees. The school records are not relevant to the

7

ALJ's decision because there was no claim of mental retardation properly before him. The ALJ's simple questions to the Claimant at the hearing regarding his ability to read and write do not give rise to any duty on his part to analyze a potential mental retardation impairment. Because none of the reports submitted to the Appeals Council indicated that Claimant's only severe impairment, diabetes, had worsened, the evidence did not establish a likelihood that the ALJ would have reached a different result. Given that the burden of proving disability is on the Plaintiff, as is noted in *Moore v. Barnhart,* 405 F.3d 1208 (11th Cir. 2005), the Appeals Council did not err in its decision to deny review of Claimant's case based on its consideration of the new evidence.

## II. Did the ALJ err in determining Claimant's RFC?

Claimant next argues that the ALJ erred in determining his residual functional capacity ("RFC"). (Pl.'s Brief 17.) Specifically, he contends that the ALJ erred in failing to include his mental limitations in the RFC and failed to assess his physical work-related abilities on a function-by-function basis. (*Id.*)

### A. Did the ALJ err in failing to include Claimant's mental limitations in the RFC?

Claimant argues that the ALJ erred in finding no mental limitations after finding that Claimant had a "limited education" and "no past relevant work," "ascertain[ing] at the hearing that Scott had problems reading and writing," and knowing that the Agency

representative had to ask him the same questions different ways before he could understand them. (Pl.'s Brief, 14.)

The Regulations state that where an ALJ finds that the Claimant's impairments do not meet a relevant Listing, he is required to make a determination as to whether the Claimant still has the residual functional capacity to engage in gainful employment by returning to former work or performing other work which he would be able to perform taking into consideration any limitational impairments. 20 C.F.R. §§ 404.1545 and 416.945, Social Security Ruling 96-8p. "Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p. The determination of a claimant's RFC is based upon all of the relevant evidence before the ALJ. 20 C.F.R. § 404.1545.

In this case, as discussed above, there was no mention of a mental impairment anywhere in Claimant's application or during the hearing at which Claimant was represented. Furthermore, merely because someone has a "limited education" and "no past relevant work" does it indicate mental retardation. Likewise, a discovery that someone's reading and writing abilities are limited does not denote the presence of a mental impairment. The only relevant mental impairment properly before the ALJ in this case was Claimant's alcohol and drug abuse disorder as cited in his findings - which he found "[did] not cause more than minimal limitations on Claimant's ability to perform

9

basic mental work activities." A review of the ALJ's findings reveals that his notation that Claimant did not follow instructions regarding his medications and diet was not related to a discussion of a possible mental impairment, but to the fact that Claimant was repeatedly non-compliant in managing his diabetes.

Based on the analysis in the preceding claim, as well as a review of the relevant Regulations fails to demonstrate that the ALJ erred in not assessing any mental limitations when determining Claimant's RFC.

>    B.    Did the ALJ fail to assess Claimant's physical work-related abilities on a function-by-function basis as required by the Regulations?

Claimant lastly argues that the ALJ improperly failed to assess his physical work-related abilities on a function-by-function basis as is required by SSR 96-8p. (Pl.'s Brief, 15.) Social Security Ruling 96-8p states, in relevant portion, that:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

In this case, the ALJ based his RFC finding on the Claimant's testimony, the medical opinions provided by treating physicians as well as the opinions of non-examining consultants. (Tr. 22-24.) Based on his evaluation of the medical evidence as a whole, along with the testimony of the Claimant, the ALJ found that Claimant retained the RFC

to perform light work. He based that decision on several factors, none of which were inappropriate, in finding that this Claimant retained the ability to perform some work. Social Security Ruling 96-8p.

In dealing with this issue, the Eleventh Circuit has explicitly ruled that "[w]e do not require the ALJ to 'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole. *Castel v. Comm's'r of Soc. Sec.,* 355 F. App'x 260, *263 (11th Cir. 2009); *citing Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir.2005) (per curiam). In this case, that holding dictates. Accordingly, the ALJ applied the appropriate legal standards in determining Claimant's RFC, and his decision is supported by substantial evidence.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 28th day of June, 2011.

S/ Stephen Hyles .
UNTED STATES MAGISTRATE JUDGE